**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELVIN LYNNE BOMPREZZI,

Plaintiff-Appellant,

v.

DAVID WEAVER, Sheriff Douglas
County; THOMAS L. CURRY,
Judge, Douglas County District Court;
JASON SIERS, Douglas
County, Assistant District Attorney;
COLORADO COURT OF
APPEALS; STEVEN
SCHOENMAKERS, CMHIP,

Defendants-Appellees.

No. 06-1315
(D.C. No. 06-CV-00623-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, Chief Judge, **KELLY** and **O'BRIEN**, Circuit Judges.

---

Plaintiff Melvin Lynne Bomprezzi, a prisoner of the State of Colorado,

filed a pro se civil rights complaint asserting eight claims for relief under

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1343 and 42 U.S.C. § 1983. The district court dismissed the complaint before service of process and denied plaintiff's post-judgment letter, which the court construed as a motion for reconsideration. Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff's first claim was for denial of access to the courts. The district court dismissed this claim as legally frivolous because plaintiff failed to allege an "actual injury," i.e., "that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim." R. Doc. 30, at 3 (quotation omitted). The district court did not specify whether the dismissal was with or without prejudice. See id. at 3, 7. The rules of civil procedure, however, provide that "[u]nless the court in its order for dismissal otherwise specifies . . . any dismissal not provided for in this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Therefore, the dismissal of claim one was with prejudice.

The district court construed plaintiff's claims two, three, six, seven, and eight as asking a federal court to impermissibly interfere with ongoing state criminal proceedings, and dismissed these claims without prejudice under Younger v. Harris, 401 U.S. 37, 45, 46 (1971). R. Doc. 30, at 3-4.

Plaintiff's claims four and five challenged conditions of confinement, and the district court dismissed them without prejudice because plaintiff failed to specially plead or demonstrate exhaustion of administrative remedies, as was required at the time of the district court's decision by Steele v. Federal Bureau of

Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003); overruled by Jones v. Bock, 127 S. Ct. 910 (Jan. 22, 2007). See R. Doc. 30, at 4-7.

We have carefully reviewed the parties' materials de novo in light of the applicable law. The requirement that exhaustion be specially pleaded or demonstrated was recently rejected by the Supreme Court in Jones v. Bock, 127 S. Ct. at 921. Aquilar-Avellaveda v. Terrell, No. 06-3334, 2007 WL 646150, at *1-*2 (10th Cir. Mar. 5, 2007). Accordingly, the dismissal of plaintiff's claims four and five is vacated, and the case is remanded for reconsideration of these two claims in light of Jones v. Bock. See Aquilar-Avellaveda, 2007 WL 646150, at *3. In all other respects, we affirm the district court's dismissal for substantially the same reasons as those set forth in the district court's order of dismissal.[1]

We construe plaintiff's February 8, 2007 letter and attachments as a motion to file a supplemental brief and deny the motion.

---

[1] We note for the remand that the district court incorrectly filed an "order and judgment of dismissal." Under the federal rules, the district court should set out its reasoning in one document and enter its judgment on a separate document. See, e.g., Clymore v. United States, 415 F.3d 1113, 1117 & n.5 (10th Cir. 2005) (discussing Fed. R. Civ. P. 58).

-3-

The judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

                                        Entered for the Court


                                        Terrence L. O'Brien
                                        Circuit Judge